No. 669

IRON CITY PROD. CO. et v. AMER. RY. EX. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

Nos. 2833-34. Decided May 3, 1926

1085. SERVICE—Section 11290 GC. is repugnant to the Interstate Commerce Clause of the Constitution of the United States; and no error is committed by quashing service on a defendant obtained by virtue of said section.

HAMILTON, J.

The Iron City Produce Co. and the Albert Travis Co. filed suits in the Hamilton Common Pleas against the American Ry. Express Co., seeking to recover damages on account of deterioration of consignments of berries delivered to the Express Co. and consigned to Pittsburg.

It was sought to make service on the Express Co. by personal service on a representative of that Company in Hamilton County. In the Produce Co. case the defendant contended in its motion to quash, that 11290 GC. is void, it being in contravention of Art. I, Section 8, Subdivision 3, of the Federal Constitution, known as the interstate clause, and repugnant to the due process clause; and that the action cannot be maintained in Ohio by provisions of 11273 GC. In the Travis case the jurisdiction of the court over the cause of action was challenged. These motions were sustained by the lower court and error was prosecuted seeking a reversal of these judgments quashing the service.

The Court of Appeals held:

1. Section 11273 GC., being a venue statute, must be strictly construed.

2. Since express companies are not named therein, such companies are not within the immunities provided therein; and the right to make service if authorized, must be found in 11290 GC., which provides:—"when defendant is a foreign corporation, having an agent in this State, the service may be upon such agent."

3. It was held in a similar case in the U. S. Supreme Court that such provision for service "imposes unreasonable burden on interstate commerce and is void under the Commerce Clause, as applied to an action against a railroad company which neither owns nor operates a railroad within the state, by a plaintiff who does not and did not reside in the state, upon a cause of action which arose elsewhere out of a transaction entered into elsewhere."

4. The force of this decision applies in the instant case. 28 OS. 144.

5. Section 11290 GC. is repugnant to the Interstate Commerce Clause of the U. S. Constitution and the court did not err in quashing the service.

Judgment affirmed.

Attorneys—Hightower, O'Brien & Porter, for Produce Co. et; Maxwell & Ramsey & Frank Graydon for Express Co.; all of Cincinnati.